UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1928 (DSD/JMM)

United States of America,

Petitioner,

v. **ORDER**

Martin Wilson,

Respondent.

Joan Humes, Assistant United States Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for petitioner.

Katherine Menendez, Assistant Federal Public Defender, 107 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for respondent.

The above-entitled matter came before the court on the motion of respondent, Martin Wilson, to accept objections out of time to the report and recommendation of Magistrate Judge John M. Mason dated September 26, 2000. The court: (1) for good cause shown grants respondent's motion to accept out of time the objections; but (2) after a de novo review of the file, record, and respondent's objections, adopts Magistrate Judge Mason's report and recommendation and grants the petition to determine present mental condition of an imprisoned person under 18 U.S.C. § 4245 [Docket No. 1] and orders that respondent be committed to the custody of

FILED 10-30-00
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. 10-30-00
Deputy Clerk's Initials ______

the United States Attorney General for hospitalization at FMC-Rochester.

Pursuant to the findings of fact in the report and recommendation of Magistrate Judge Mason dated September 26, 2000, and based upon this court's de novo review of the record, the court concurs with Magistrate Judge Mason's finding that respondent is suffering from a mental disease or defect for which he needs treatment and hospitalization in a suitable psychiatric facility, and that respondent be committed to the custody of the United States Attorney General until he is no longer in need of such custody for psychiatric care and treatment, or until his sentence expires, whichever occurs first.

Under 18 U.S.C. § 4245, a prisoner in a federal prison may not be transferred to a mental hospital without the prisoner's consent, or unless the district court establishes that there is reasonable cause to believe that the person may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care and treatment in a suitable facility. <u>See</u> <u>United States v. Jones</u>, 811 F.2d 444, 447 (8th Cir. 1987). Furthermore, the Eighth Amendment imposes upon prison officials the duty to provide humane conditions of confinement, and this duty requires that those officials not only protect prisoners from violence at the hands of others, but also to protect prisoners from self-inflicted harm or suicide. <u>See</u> <u>Jensen v. Clarke</u>, 73 F. 3d

808, 810 (8th Cir. 1996). The court further notes that a prisoner whose mental illness poses a threat to himself or others if placed in the general prison population is precisely the type of situation where custody for treatment is warranted under 18 U.S.C. § 4245. The court concurs with Magistrate Judge Mason's finding that respondent cannot be placed in the general prison population without his mental illness being treated because of the great risk he poses to himself, to the other prisoners, and to the prison staff.

Accordingly, and after a de novo review of the record and file, the court concludes that a preponderance of the evidence supports the conclusion that the respondent is presently suffering from a mental disease or defect for treatment of which he is in need of custody for care or treatment in a suitable psychiatric facility. The court also notes that the testimony of psychiatrist Dr. Andrew Olnes, M.D., amply supports the determination that respondent is in need of custody for care or treatment of his mental illness.

**IT IS HEREBY ORDERED** that: (1) respondent's motion to accept objections out of time is granted; (2) the report and recommendation of Magistrate Judge Mason, dated September 26, 2000, is adopted in its entirety; (3) the petition to determine present mental condition of an imprisoned person [Docket No. 1] is granted and that respondent is committed to the custody of the United

until a time when respondent is no longer in need of such custody for care and treatment, or until his sentence expires, whichever occurs first.

Dated: October 30, 2000

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd